HANNAH A. McMURPHY

*v.*

S. S. BOYLES and W. F. COOLBAUGH, Executors, &c.

1.  WILLS—*extent of widow's claim to the personalty of her husband who dies testate—leaving no lineal descendants—and she renounces the will.*  A husband died testate, leaving a widow, but no children or lineal descendants, and provided, in his will, that the income of one-half of his personal estate should be paid to his widow during her life, and at her death should be distributed among his collateral kindred, and bequeathed the other half to various persons.  The widow renounced the will, and set up claim to the entire personal estate:  *Held*, that in such case, the widow was only entitled to one-third of the personal property remaining, after the payment of debts, in addition to the award of specific property.

2.  SAME—*renunciation of—does not render the testator's property intestate.*  By the widow's renunciation of the will, the property of her husband is not thereby converted into an intestate estate.  The will remains, notwithstanding she declines its provisions in her favor; and in such case, the 46th section of the statute of wills, which applies only to intestate estates, has no application.

3.  STATUTES—*construction of sec. 10 of the dower act.*  The phrase, "her share in the personal estate of her husband," which occurs in the 10th section of the dower act, must be understood as intending to give to the widow, in such case, only such share of the personal estate as shall be equal to one-third part.

Appeal from the County Court of Cook county; the Hon. J. B. Bradwell, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. Brackett & Waite, for the appellant.

Mr. M. W. Fuller, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

Hiram C. McMurphy died, testate, on the 13th of October, 1867, leaving a widow, but no children or descendants of children. He left a considerable personal estate, and provided in his will that the income of one-half of it should be paid to his wife during her life, and, at her death, this half should be distributed among his collateral kindred. The other half he bequeathed to various persons. His wife duly renounced the will, and claims the entire personal estate. The probate court decided she was only entitled to one-third, and from that judgment the widow appealed. The question presented by this record is, what is the extent of the widow's claim to the personalty of her husband, where he dies testate, leaving no children or lineal descendants, and she renounces the will? This case has not been expressly provided for in our statutes, and has not yet been settled in this court by construction.

The claim set up by the widow in this case is certainly startling. It is, that a married man, having a wife, but no lineal descendants, has no right of testamentary disposition in regard to his personal property, in which species of property the great bulk of a large estate is often invested. He may have an abundant fortune and indigent parents, brothers or sisters, for whom he desires to provide, and yet, under the view of our statutes urged by counsel for appellant, all bequests for their benefit can be appropriated by the widow

at her discretion. While a father may be permitted wholly to disinherit his own offspring, he can not, on this theory of our law, be permitted to bequeath even a fraction of his personalty to any person but his wife, if he dies without lineal descendants, and his widow chooses to defeat his wishes. While the wife has the uncontrolled power of testamentary disposition as to her entire separate estate, the husband, leaving a widow, but no lineal descendants, has practically none as to his personal property. This theory would go even further, for it would require us to hold that, while a husband dying without children or their descendants, could dispose by will of none of his personal property, and only one-half of his realty, except with the consent of his wife, one dying with children could dispose of two-thirds of the personalty and all the realty, without reference to the wishes of either widow or children, except so far as relates to the widow's award of specific property, and her right of dower. A construction leading to such results should not be adopted unless it appears to have been the plain intent of the legislature.

The 10th section of the dower act, Scates' Statutes, p. 152, provides as follows:

"Every devise of land, or any estate therein, by will, shall bar her dower in lands, or her share in personal estate, unless otherwise expressed in the will; but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands, *and her share in the personal estate of her husband.*"

The case arises under this law, and the question is, what did the legislature mean by "her share in the personal estate of her husband?"

Cross-errors are assigned by consent, and it is insisted by counsel for appellees that the "share" referred to consists

merely of the widow's award of specific property, and of her distributive share of any personal estate which has not been bequeathed, or the bequest of which has become void. This position is untenable. Nothing can be plainer than that this section was designed to give the widow some share in the personal estate which she could obtain only by renouncing the will. Yet, by the express provisions of the statute, the widow is entitled to her award of specific property independently of any renunciation of the will, and so this court held in *Deltzer* v. *Scheuster*, 37 Ill. 301. So, also, in regard to personal property not bequeathed. The 42d section of the statute of wills provides, that all such property " shall be distributed in the same manner as the estate of an intestate." The widow would, therefore, be entitled to her share of such unbequeathed property, whether she renounced the will or not. Neither of these theories solves the difficulty.

On the other hand, it is urged by counsel for appellant, as already stated, that the widow, having renounced the will, is entitled to the same share of the personal estate that she would have received had there been no will, which, in this case, as there were no children, or descendants of children, would be the whole. This theory proceeds upon the assumption that, by the widow's renunciation of the will, the testator had become intestate, which is simply a contradiction in terms. The will remains, notwithstanding she has chosen to decline its provisions in her favor, and by no act of her's can it be annihilated, and the estate of her husband be converted into an intestate estate. Yet the 46th section of the statute of wills, under which this claim to all the personal property is made, applies only to intestate estates. This case, then, is not within its category.

In fact, so far as express legislative enactment is concerned, this is a *casus omissus*, and yet we do not think it difficult to determine what was the legislative intent. From the time of the ordinance of 1787 to the year 1845, a widow was entitled

to one-third of the personal property, absolutely, after the payment of debts, even though the husband left children surviving. This, having been always the law of this territory and state, was universally known to our people, and the share of the widow was popularly designated as "the widow's third." The statute of wills of 1829 was in force at the time the revised code of 1845 was adopted, and the 40th section of that statute provided for renunciation by the widow of her husband's will, and that, upon such renunciation, she should be entitled, besides dower in the realty, to one-third of the personal property after the payment of debts. In the revision of 1845 this provision was transferred from the statute of wills to that of dower, and the 39th and 40th sections of that statute became, in substance, the 10th and 11th sections of our present statute of dower, but the draughtsman, instead of defining, as in the old law, the precise quantity of the widow's interest, merely provided that she should have " her share" in the personal estate. What was her share ? What must we suppose the legislature intended by a phrase which they did not define, but which, from the first settlement of the country up to that date, had always represented a well known fraction ? Did they intend to place the entire personal property of the husband dying without lineal descendants beyond his testamentary control, or only to secure to his widow an absolute right to the same one-third part which she had always enjoyed ?

But the revision of 1845, though upon an excellent plan, was somewhat hastily executed, and some omissions occurred. Thus, at the very time when, upon the theory of appellant's counsel, the legislature was clothing the wife with power to take the entire personal estate of her husband in opposition to the provisions of his will, if he died without issue, they were depriving her of all interest in said estate, except the award of specific property, in case he died intestate and left lineal descendants. But this omission was corrected in 1847, when

her paramount right to a third part, after payment of debts, even as against his children,. was restored. It thus appears, that from the first law upon this subject in 1787 to the present time, with the exception of this two years' omission, which we must regard as accidental, the wife has been entitled to a share of the personal estate, even as against the children, equal to one-third part. The law of 1829, providing for renunciation, gave her the same share as against her husband's will, and the law of 1845, which continued in force her right to renounce and to take her share without defining it, we must understand as intending to give her this same interest of one-third. This construction violates no other provision of the statute, is reasonable in itself, and in harmony with the entire spirit of our legislation on this subject from the origin of our territorial government. It gives the wife the same rights as against the children of her husband dying intestate, and as against the beneficiaries in his will if he dies testate, and it leaves him a right of testamentary disposition as to two-thirds of his personal property,—a right which he certainly ought to possess, and of which we can not believe the legislature ever intended to deprive him. The right of testamentary disposition of personal property is expressly given, by the 1st section of the statute of wills, to all males above the age of twenty-one, whether married or unmarried, yet this statute would be, to a considerable extent, annulled by the construction which appellant's counsel would give to the section of the dower act under consideration. This construction we can not adopt.

One branch of this subject was before us in the case of *Lessley* v. *Lessley*, 44 Ill. 527. Our attention in that case was chiefly directed to the consideration of the extent of the widow's interest in the real estate. The decree of the circuit court had given her one-half of the real estate in fee. dower in the other half, and all the personal property, after payment of debts, and the decree was reversed as to both realty and personalty, without, however, deciding

the precise extent of the widow's interest in the latter, the argument having been directed to the questions arising in regard to the realty. We have now considered the subject with much deliberation, and our conclusion is, that, in a case like the present, the widow is entitled to one-third, and only one-third, of the personal property remaining after payment of debts, in addition to the award of specific property.

The judgment of the county court is affirmed.

*Judgment affirmed.*