DAVID L. WHITE *et al.* Executors,

*v.*

LYDIA A. DANCE.

1. WIDOW—*renunciation of will of her husband—election under the tenth and fifteenth sections of dower act.* Under the tenth section of the statute of dower, a widow may renounce the benefit of a devise in the will of her husband, "and take her dower in the lands and her share in the personal

estate of her husband," and having made such election, she may then, under the fifteenth section, if there be no children or descendants of children, "if she elect, have in lieu of her dower in the estate of which her husband died seized," one-half of all the real estate in fee, after the payment of debts.\*

2.  SAME—*election under the fifteenth section—what is embraced in the word "dower."* The word "dower," as used in the fifteenth section of the dower act, is to be understood in its proper common law sense, having no relation to the widow's interest in the personal property. That section was designed to give to the widow the right to elect between two different estates in the realty, without disturbing her interest in the personalty.

3.  So if the widow elect, under the fifteenth section, to take one-half the realty remaining after the payment of debts, "in lieu of her dower," she will still be entitled to "her share in the personal estate of her husband." †

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. PACKARD & DICKINSON, for the appellants.

Messrs. WILLIAMS & BURR, and Mr. W. E. GAPEN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Joseph Dance died in 1867, leaving a widow, but no lineal descendants, and leaving a will, by which he disposed of all his estate, giving to his wife the income only of his real and personal property during her life. The widow renounced the will under the tenth and eleventh sections of the statute of dower, and afterwards, under the fifteenth section of the same statute, she

---

\* See, also, *Sturgis et al.* v. *Ewing,* 18 Ill. 176.

† When the widow elects to take one-half the realty, under this section, it is in lieu of dower in *all* the lands; nor is she entitled to take the whole of the personalty, but she may have the specific articles enumerated in the statute. *Lessley et al.* v. *Lessley,* 44 Ill. 527, and see *Brown et al. exrs.* v. *Pitney,* 39 Ill. 468, as to the rights of the widow, and limitations upon her, under this section.

elected to take in lieu of dower, one-half the real estate remaining after the payment of debts. The circuit court decreed to her one-third of the personal estate, and from this order the executors have appealed, insisting that she is not entitled to any portion of the personalty except her specific allowance. They claim that by her second election, to take one-half the remaining realty in fee, in lieu of dower, she lost her right, not merely to dower in the lands, but also to her share of the personal estate, which, it is insisted, is comprehended under the term dower, as used in said fifteenth section.

We are of opinion the statute can not properly receive such a construction. The language of the tenth section is, that she may, by renouncing the will, "take her dower in the lands, and her share in the personal estate of her husband." The language of the fifteenth section is, that she "may, if she elect, have in lieu of her dower in the estate of which her husband died seized, whether the same shall have been assigned or not, absolutely and in her own right, as if she were sole, one-half of all real estate which shall remain after the payment of all just debts and claims against the deceased husband." These two sections are to be construed together. By the first, she takes her dower in lands, and her share in the personal estate. By the second, she takes one-half of the real estate in lieu, not of her dower in the realty, and of her share in the personalty, but of her dower alone. The word dower, here, must be considered as having been used in the same sense in which it had just been used in the tenth section, that is, in its proper common law sense, having no relation to the widow's interest in the personal property, which is designated in the tenth section as a distinct interest, and by appropriate language. Moreover, the fifteenth section uses the language, "in lieu of her dower in the estate of which her husband died seized," which is language only appropriate to realty, both in the terms "dower" and "seized." The section was clearly designed to give to the widow the right to elect between two different estates in the realty, without disturbing her interest in the personalty.

*Decree affirmed.*