## *In re* WILLIAM TAYLOR'S WILL.

WIDOW—*of her right in the personal property where the will of her husband makes no provision for her.* Where a will makes no devise or bequest to the wife of the testator, but gives his entire property to his children, his estate, as to his wife, will be regarded intestate, to the extent of her legal claims, and in such case she will be entitled to one-third of the personal property remaining after the payment of his debts.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. S. WILCOX, Judge, presiding.

The opinion states the case.

Mr. R. N. BOTSFORD and Mr. ISAAC G. WILSON, for the plaintiff in error.

Mr. A. H. BARRY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented on this record is, under the will of William Taylor, deceased, is his widow entitled to one-third of the personal estate after the payment of debts and costs of administration?

The will in question is as follows:

" Know all men by these presents, that I, William Taylor, of the town of St. Charles, in Kane county, State of Illinois, do hereby make and declare this to be my last will and testament, viz:

" First.   I direct that my just debts shall be paid.

" Second.   It is my will that my wife, Margaret N. Taylor, shall have and take of the property of which I may die possessed, only so much thereof as by the law of the land she may be entitled to—she being possessed of considerable property in her own right; I therefore make no bequest or devise to her.

" Third.   I give and devise to my son, Abram S. Taylor, the farm, containing nearly three hundred acres, on which I now reside, situate part in DuPage county and part in the towns of Elgin and St. Charles, in Kane county, State of Illinois, and commonly known as the Brewster farm; to have and to hold the same to my said son, his heirs and assigns, forever. And I also give and devise to my said son Abram S. Taylor, all of the timber land which I now own, or may own at the time of my death, situate in the town of St. Charles, aforesaid, in what is known as the Little Woods, containing thirty-five to fifty acres, to have and to hold, etc.

" Fourth.   I give and devise to my daughter, Margaret E. Taylor, the farm which I now own, situate in the towns of Plato and Elgin, containing three hundred acres, etc., to have and to hold to her, etc.   There is a mortgage on the farm last described, of about $2000.   I direct that my said son, Abram S. Taylor, pay the whole of said mortgage. debt, and relieve said farm from incumbrance, and that the bequests and devises herein contained, to him, shall be burdened and charged as by a lien, to the amount of said mortgage debt, until the same be paid.

" And I further give and bequeath to my said daughter the whole of the debt or demand which I have against the town

of Herman, in the county of Sheboygan, State of Wisconsin, which debt consisted of a plank road bond, No. (I believe) 3, for $500, and which bond was burned in 1860, in a fire, in Sheboygan.

"Fifth. All that shall or may remain of my property, or which I may die possessed of, other and beside what is hereinbefore bequeathed and devised, whether the same may or shall be real or personal, or mixed estate, I hereby give and devise to my said son, Abram S. Taylor, and daughter, Margaret E. Taylor, in equal parts, their heirs and assigns, forever.

"Lastly. I hereby appoint my said son, Abram S. Taylor, executor of this, my last will and testament, and I hereby revoke and declare null and void, all and every former will made by me."

The circuit court of Kane county solved the question against the widow, and the cause is brought here by agreement, for review. The will bears date April 10, 1867, and was duly probated.

It is contended by the devisees under the will, that the widow is not entitled to a third of the personal property after the payment of the debts, because the estate is not intestate, and the statute of distribution applies only to cases of intestacy; and because, under the dower act, she can not renounce the will and elect to take her dower in the land and one-third of the personalty, as that can only be done where the husband has made a devise of land or of some estate therein to the wife by the will. The position assumed is, that because the husband has made a will, and made no provision therein for his wife, she is thereby deprived of her third of the personal property.

Counsel on the part of the widow insist that when a husband makes a will, but makes no devise to his wife, his estate, as to her, is an intestate estate, and that it is not in the power of the husband so to dispose of his estate as to deprive his widow of

a third of the personal property, after the payment of debts, and further, he insists that the one-third of the personal property is as strictly dower, subject to certain qualifications, as is the widow's dower in her husband's lands.

To determine this question, we can only look to the statute and to such adjudicated cases of this court as may be supposed to have a bearing upon it.

We take it as conceded by the devisees under the will, that if there was no will the widow would be entitled to the third part of the personal property remaining after the payment of debts, and that it is also conceded, if the husband had made in the will a devise of real estate, or a bequest of personal property to his widow, she might renounce them and claim the dower provided her by law, and in this way reach one-third of the personalty.

By the ancient common law, as it stood in the reign of Henry II., in Glanvil's time, a man who left a wife and children, could not deprive them by his will of more than one equal third part of his personal property. His goods were to be divided into three equal parts, one of which went to his heirs or lineal descendants, another to his wife, and the third was at his own disposal; or, if he died without a wife, he might then dispose of one moiety and the other went to his children, and if he had no children, the wife was entitled to one moiety and he might bequeath the other, but if he had no wife or issue, the whole was at his own disposal. 2 Bl. Com. 492 ; 1 Williams on Exrs. 1. The shares of the wife and children were called "their reasonable parts," and a proper writ was given to recover them. Ibid. But by statute 1 Vict. Ch. 26, it is enacted that it shall be lawful for every person to devise, bequeath and dispose of, by his will, duly executed as required by that act, all real estate and personal estate to which he may be entitled, either at law or in equity, at the time of his death. 1 Williams on Exrs. 4.

While by the same ancient common law, the right of a wife to dower in the lands of which her husband died seized, when

it had attached, could not, as a general rule, be defeated by the husband, it was not understood the same rule applied to personal property, or that the wife had any right, inchoate or otherwise, to any share of the same which the husband could not defeat. Technically, she had no right of dower therein. The husband could dispose of it according to his own whim and pleasure, and die, leaving "no reasonable parts" for widow or children. Public policy, the great interests of trade and commerce, required that personal property should have the freest possible circulation, which would be impracticable had the wife a subsisting interest in it, inalienable by the husband without her consent. We do not find, on an examination of the books, that the wife, anciently, had dower, so called, in the personal estate of her husband. It was only by force of the statute of distributions, 22, 23 Charles II. Ch. 10, and 1 James II. Ch. 17, the interest or share of the widow in her husband's intestate estate was fixed.

Our own statute of distributions is but a variation of these statutes.

The first statute of this nature in force throughout the territory northwest of the river Ohio, of which this State formed a part, is the ordinance of July 13, 1787, the second section of which regulated the descent and distribution of intestate estates, and which has been the law from that day to the present, with some alterations. In that section, after declaring how such estates shall go, there is this provision : "Saving in all cases to the widow of the intestate her third part of the real estate for life, and one-third part of the personal estate ; and this law relative to descents and dower shall remain in full force until altered by the legislature of the district."

This continued to be the law of descents and distributions while the territory existed as a political division. It continued after the State of Ohio was constructed out of it, remained unaltered during the continuance of the territorial government of Indiana, up to 1809, when the territory of Illinois was established, and throughout the existence of that government,

until the organization of the present State government, in August, 1818, when, at the first session of the legislature under it, on the twenty-third of March, 1819, it was re-enacted, *verbatim,* with the addition only of the words "grand children," and was made section 21 of the act to regulate administrations and the descent of intestate estates, and for other purposes. Laws of 1819, p. 223.

This statute remained in force until July 1, 1829, on which day the act was passed entitled "an act relative to wills and testaments, executors and administrators, and the settlement of estates," the forty-third section of which became, thereafter, the rule of distribution of estates of resident or non-resident proprietors in this State dying intestate, or whose estates or any part thereof should be deemed and taken as intestate estates, and after all just debts and claims against such estates should be paid. Other changes were made, such as allowing to each of the parents, if living, a child's part and the like, and giving to the widow, if there be no children, one-half of the real estate and the whole of the personal estate as her exclusive estate, forever, subject to her entire and absolute disposition and control, to be governed in all respects as estates of a feme sole. The saving to the widow found in the second section of the ordinance, and in the act of 1819 is here found, though more comprehensive: "Saving to the widow in all cases her dower of one-third part of the real for life, and the one-third part of the personal estate forever." Laws of 1829, 206.

This statute was substantially re-enacted in 1845, under the title "wills," as will be seen by section 46, "saving to the widow in all cases her dower as provided by law." R. S. 1845, ch. 109.

By the amendatory act of February 11, 1847, it was declared by the sixth section thereof, that the word "dower," as used above in section 46 of chapter 109, should be construed to include a saving to the widows of persons dying intestate, of

258          *In re* TAYLOR'S WILL.          [Sept. T.,

Opinion of the Court.

one-third of the personal estate, forever, after the payment of debts.   Scates' Comp. 1203.

This same statute, by the first section, gives to widows living in this State, whose estates are administered upon in this State, whether testate or intestate, in exclusion of creditors, as their sole and exclusive property, forever, various articles of property, and by the second section, in addition to this, widows of intestates are entitled to the one-third of the personal estate of their deceased husbands, after the payment of debts, as their property, forever.   Ibid. 1203.

By the statute of "wills" of 1829, to which reference has been made, it was provided by section 39 that every devise of land, or any estate therein, or bequest of personal estate to the wife of the testator, should be a bar of her dower in lands or share of the personal estate, unless it be otherwise expressed in the will, testament or codicil.   And by section 40 it was provided that a widow should be debarred of her right of dower in the estate of her deceased husband in all cases where any provision is made for her in the testator's will, unless within six months after the authentication or probate of the will, she shall deliver to the court of probate of the proper county, a written renunciation in the following form, etc., which, on being filed in the probate office should operate as a complete bar against any claim the widow might afterwards set up to any provision in the will made for her benefit, and so renouncing all claims to a devise or bequest in the will, the widow should, thereupon, be entitled to the one-third part of the real estate of the deceased, for life, and one-third part of the personal estate, forever, which should remain after the payment of all just debts and claims against the estate of the testator.

These sections are incorporated into the dower act, chap. 34, Rev. Stat. and are there found in substance, as sections 10 and 11.   R. S. 199.

These references comprise all the legislation upon this subject, from the earliest foundation of civil government northwest of the river Ohio, to the present time, and manifests, we

think, an eager desire on the part of the law makers to provide some support for the wife, in the event of her surviving her husband. We do not go too far when we say that it has become a sort of common law in this State, that this support shall be, "in all cases," one-third of the husband's real estate for life, and one-third of the personal estate, forever, which shall remain after the payment of debts, unless the husband shall by his last will and testament make some devise or bequest to her, which she is willing to accept.

In view of this legislation, we think the law and reason of this case are in a small compass, and may be made evident by proper answers to a few questions.

First. If no will had been made by the husband, what would the widow take under these laws?

The answer must be, one-third of the real estate, for her life, and one-third of the personal estate, forever, after the payment of the debts of the deceased, together with those specific articles of property bestowed upon her to the exclusion of creditors by the first section of the act of 1847.

Second. In what manner could the widow be deprived of these rights?

By such a devise or bequest to her by her husband's last will as she is willing to accept, and does accept.

But the husband makes a will and devises nothing to her; he declares in express terms he will not devise or bequeath any thing to her; what, then, is the condition of the widow?

The answer is obvious. He has not taken away, as he could not take away without her consent, her legal rights, her thirds, and the specific property must remain to her, and as to her, he must be deemed intestate.

This, we are satisfied, is the reason and justice of the case, and does no violence to any legislation, and is in accordance with the views presented by this court in *Rawson* v. *Rawson*, 52 Ill. 62, and in *McMurphy* v. *Boyles et al.* 49 Ill. 110, so far as they go in this direction. It cannot be maintained, in view of the statutes and their purpose, that a person, by making a

will in which there shall be no provision for his wife, can thereby deprive her of her dower in the land,—that will not be pretended.   Her share in the personalty rests on a basis as solid as the dower, and if he cannot deprive her of the one by the mere act of making a will, so neither can he deprive her of the other.

We therefore hold, where a husband makes a will, but makes no devise or bequest to his wife, his estate, as to her, is intestate to the extent of her legal claims, and that under our law it is not in the power of the husband so to dispose of his estate as to deprive his widow of the third of the personal property remaining after the payment of his debts, and that there is one-third of the realty beyond his disposal by will, unless a devise or bequest to the wife be made therein, which she is willing to and does accept.

This court, in *Lessley* v. *Lessley*, 44 Ill. 527, in discussing the right of election of the widow, as given her by the dower act, said, that right was based upon the ground that the wife has an interest in the estate of her husband, of which he can not deprive her by will or otherwise, without her consent.

What interest can it be, other than her thirds?

We are satisfied the law of the case, as well as its justice, is with the widow, and therefore reverse the judgment of the circuit court, and remand the cause.

*Judgment reversed.*