(No. 15411.—Decree affirmed.)
FRANK DAVIS *et al.* Appellees, *vs.* BELLE MATHER *et al.*
Appellants.

*Opinion filed October 20, 1923.*

1. WILLS—*provision of will in lieu of dower is an offer to purchase dower interest of devisee.* A provision in a will in favor of the surviving spouse in lieu of dower is in legal effect an offer to purchase the dower interest of the survivor, and the relinquishment of dower by the survivor is a valuable consideration for the devise.

2. SAME—*Dower act provides method for electing to take under the will or under the statute.* The Dower act has provided the method by which a surviving spouse may elect to take under the will or to renounce the will and take under the statute, and unless such method is pursued within the time provided, the surviving spouse is presumed to have elected to take under the will.

3. SAME—*the probate court has equitable powers over questions arising out of renunciation of will.* Under the Dower act and section 79 of the Administration act the probate court has equitable powers concerning the renunciation of a will and the questions arising therefrom.

4. SAME—*probate court may direct next friend of insane surviving spouse to renounce will.* Under its equitable powers the probate court may order that an insane surviving husband, for the best interests of his estate, shall elect to renounce a provision of his wife's will in his favor made in lieu of dower, and if the conservator of the insane person refuses to make such renunciation the court may appoint a guardian *ad litem* to act in the name of the insane husband and make the renunciation for him.

APPEAL from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding.

JAMES E. DUNNEGAN, for appellants.

S. W. McKITTRICK, and WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed a bill for partition in the circuit court of Madison county praying partition of certain land alleged to have been devised to them by George H. Davis. Ap-

pellants defended on the ground that Davis did not own such land, for the reason that the renunciation of the will of Annie S. Davis, by which renunciation he received the land in question, was not valid. The sole question presented on this record is whether or not a renunciation of a bequest or devise may be made at the direction of the probate court by the next friend of a surviving insane husband, under section 12 of the Dower act.

Annie S. Davis died testate at Alton, Illinois, on October 7, 1917. Her last will and testament was probated in the probate court of Madison county on December 13, 1917. She left no child or children or descendants of any child or children and no father or mother, but was survived by George H. Davis, her husband, a sister and certain nephews, as her heirs-at-law. Her husband was mentally incompetent, and Belle Mather, a sister of the deceased, was·appointed his conservatrix. By her will Annie S. Davis devised a life estate in certain of her real estate to her husband and the remainder thereof to Belle Mather in fee. The latter was appointed executrix of this last will and testament and qualified and acted as such. On November 25, 1918, the probate court entered an order in the matter of the estate of George H. Davis, feeble-minded, finding it to be for the best interest of said ward and his estate that a renunciation be made of the provisions of the will of his deceased wife, and ordered Belle Mather, his conservatrix, to make and file the same, showing that she elected to take for him his legal share of the estate of his deceased wife, as provided by statute. The conservatrix refused to comply with this order, whereupon the probate court made an order appointing a guardian *ad litem* and next friend for the feeble-minded ward, and ordered and directed the guardian *ad litem* and next friend to make such renunciation, finding that it was for the best interest of the ward and his estate that such renunciation be made, and ordered that the ward take his legal share of the estate

under the statute. This renunciation in the form prescribed by the statute was filed on the same date. The probate court also entered an order making such renunciation and election on behalf of the ward. Belle Mather, executrix of the will, appealed from this action to the circuit court. That court, on hearing, found it to be for the best interest of the ward that the renunciation be made, approved the action of the probate court in the premises, and entered the same orders as were entered by the probate court. No appeal was taken from this finding and order, so it is established that the renunciation, if valid, was for the best interest of the estate of Davis. Davis died April 20, 1920, leaving a last will and testament, which was duly probated. Belle Mather was appointed executrix of this will, qualified and performed the duties of that office. After the payment of his debts there remained, aside from his interest under the laws of descent, in the estate of his deceased wife the sum of $7780. By his will Davis devised one-half of all of his estate to the four complainants, appellees in this court, who are his brothers and sisters. The complainants filed their bill in partition, claiming one-half of all the real estate owned by Davis at the time of his death, including the real estate alleged to have passed to him, as heir-at-law of his deceased wife, by reason of the renunciation of her will. On a hearing the chancellor entered a decree according to the prayer of the bill. From this decree Belle Mather and others appealed.

It is contended by the appellants that the alleged renunciation for George H. Davis is null and void, and that no real estate passed to him, as heir-at-law of Annie S. Davis, by reason of any alleged renunciation of her will; that his only interest in the land in question was that of life tenant, which interest came to an end at his death; that the right of renunciation is a personal right, belonging solely to the devisee; that a renunciation under the facts here could be effected only in a court of general chancery

jurisdiction; that the probate court was without jurisdiction of the subject matter and therefore without power to order a renunciation in behalf of said ward, and that the next friend and guardian *ad litem* was without power to renounce under the will. No question arises on this record that the renunciation, if valid, was not made in apt time, as provided by the statute.

Section 12 of the Dower act is as follows: "If a husband or wife die testate, leaving no child or descendants of a child, the surviving husband or wife may, if he or she elect, have, in lieu of dower in the estate of which the deceased husband or wife died seized, (whether the right to such dower has accrued by renunciation as hereinbefore provided, or otherwise,) and of any share of the personal estate which he or she may be entitled to take with such dower, absolutely, and in his or her own right, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the deceased husband or wife. The election herein provided for may be made whether dower has been assigned or not, and at any time before or within two months after notification to the survivor of the payment of debts and claims, and not afterwards." ·

By section 10 of the Dower act any devise of land or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving spouse, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to renounce the benefit of such devise or other provision of the will. This renunciation, by section 13 of the act, is required to be in writing and filed in the office of the clerk of the county court and entered by the clerk at large upon the records of said court, and when so filed and recorded it operates as a complete bar to any claim which such survivor may afterwards set up to the

benefits which such survivor might take under the provisions of the will.

It is well settled in this State that a provision in a will in lieu of dower is in legal effect an offer by the testator to purchase the dower interest of such survivor for the benefit of the estate. The provision in the will in lieu of dower is the consideration which the testator places upon the right to dower. This consideration such survivor may accept or reject. The relinquishment of dower by such survivor is a valuable consideration for the testamentary gift. A devise or gift in lieu of dower·is not like other general bequests or devises, but constitutes the purchase price for the dower which such survivor relinquishes, while other devisees are volunteers. (*Carper* v. *Crowl,* 149 Ill. 465; *Blatchford* v. *Newberry,* 99 id. 11.) The surviving husband or wife is given one of two inconsistent interests in the estate of the deceased spouse. The survivor is under the statute entitled to dower, or under the will to the devise or provision made in lieu of dower, but is not entitled to both dower and the devise under the will. An election could not be required at the common law, and courts of equity, for the better administration of justice, were called upon to compel an election on the theory of estoppel,—that is, that the acceptance of one gift estops the devisee from asserting title to the other. (*Carper* v. *Crowl, supra.*) When the dower statute was passed it did not do away with the necessity of making an election between these inconsistent estates but provided the method by which such election should be exercised. This statute is complete in itself. If the devisee fails to pursue the course pointed out by the statute within the time limited therein, such survivor is by the express terms of the statute presumed and deemed to have elected to take under the provisions of the will. (*Cowdrey* v. *Hitchcock,* 103 Ill. 262.) Therefore the mere silence and acquiescence for the period of time prescribed by the statute are deemed by the court an answer of the

testator's offer to purchase the dower of such survivor. If such survivor does not wish to sell the dower interest for the price offered in the will, then he may renounce in the manner and form and within the time prescribed in section 13 of the Dower act. When this is done, as therein provided, his rights become fixed by the statute and he is not required to claim any specific estate. (*Gullett* v. *Farley,* 164 Ill. 566.) The statute has conferred on the probate court and surviving spouse the remedy which equity afforded under the doctrine of election. The statutory remedy of determining the election requires no finding or decree of court, but such method is left either to the acquiescence of the survivor or the filing of a written renunciation with the clerk of the county court within the time prescribed by the statute. By the renunciation of the provisions of a will by the surviving spouse the estate of the deceased is not converted into an intestate estate. The will remains, regardless of the renunciation. *McMurphy* v. *Boyles,* 49 Ill. 110; *Marvin* v. *Ledwith,* 111 id. 144.

Section 79 of the Administration act provides: "In all cases where a widow or surviving husband shall renounce all benefit under the will, and the legacies and bequests therein contained, to other persons, shall, in consequence thereof, become diminished or increased in amount, quantity or value, it shall be the duty of the court, upon settlement of such estate, to abate from or add to such legacies and bequests in such manner as to equalize the loss sustained or advantage derived thereby, in a corresponding ratio to the several amounts of such legacies and bequests, according to the amount or intrinsic value of each."

It seems clear that the statute has conferred upon the probate court equitable powers concerning questions arising out of the renunciation of the provisions of a will. While probate courts are not courts of general chancery jurisdiction and possess only such chancery powers as are conferred by statute, (*Hannah* v. *Meinshausen,* 299 Ill. 525,)

309—19

the statute on dower concerning an election in this character of cases, and section 79 of the Administration act, confer on the probate court equitable powers concerning renunciation of a will, and questions arising therefrom, as the administration of the estate. (*Sebree* v. *Sebree,* 293 Ill. 228.) It follows that probate courts have jurisdiction of the subject matter of such renunciation.

The question then arises whether or not a next friend or guardian *ad litem* may, when ordered by the court to do so, effect a renunciation on behalf of a *non compos* surviving spouse. In this case the conservatrix of Davis refused to act when so directed by the probate court, after a finding by that court that a renunciation of the will was for the best interest of the estate of such surviving husband.

The question whether or not the probate court may direct the guardian *ad litem* or next friend of an insane spouse to renounce a will where the court finds that such renouncement is for the benefit of the estate of the incompetent has never been previously before this court. It can not be seriously questioned that a court of equity, when an application is made in apt time, has power to elect for an insane spouse incapable, by reason of want of capacity, of personally making such election. The question arises whether or not the statute which requires the surviving spouse to elect abrogates the equitable jurisdiction of the courts, so that courts may no longer exercise such power on behalf of an insane spouse.

The jurisdiction of a court of probate over the estate of an incompetent ward is equitable. In this country the probate court exercises the equitable jurisdiction over the property of the insane and mentally incompetent exercised by the English court of chancery. It has power to order that done which is for the best interest of the estate of the ward, and we perceive no good ground for saying that because the election is made personal to the spouse the probate court cannot exercise power to elect for such spouse when

the latter is mentally incompetent and is a ward of the court. In *VanSteenwyck* v. *Washburn,* 59 Wis. 498, it was held that the statute requiring an election concerning the renunciation of a will to be made by the surviving spouse did not limit the jurisdiction of a court of equity to make such election for an incompetent widow. In *Kennedy* v. *Johnston,* 65 Pa. 454, it was held that while the right of renunciation is personal to the widow, yet if she be incompetent to exercise it a court of common pleas would elect for her. The same was held in *Penhallow* v. *Kimball,* 61 N. H. 596. In *Andrews* v. *Bassett,* 92 Mich. 559, the question involved was whether an election made by the guardian of an incompetent widow to take under the statute instead of the will, when made with the consent of the probate court, is valid. The statute in relation to renunciation in the State of Michigan is in substance similar to ours, and such election and the direction of the court were there held valid. To the same effect were the decisions in *State* v. *Ueland,* 30 Minn. 280, and *Crozier's Appeal,* 90 Pa. 386.

It would seem, therefore, under the authorities and by reason of the statute conferring upon the probate court the equitable juirsdiction over the estates of incompetent wards, that an election made by a guardian *ad litem* at the direction of a court having jurisdiction of the estate of the ward is valid. It was peculiarly within the power of the probate court to pass upon transactions concerning the ward's estate. If it was not for the best interest of the estate of the ward to part with his dower interest in the lands of his wife for the devise in the will it would seem that the probate court should be permitted to so determine, and having determined that such was not in the interest of the ward's estate the court should so find and order on behalf and in the name of such ward a renunciation of the provisions of the will. The conservatrix having refused to do that which was for the best interest of the ward's estate, it

was the duty of the probate court to direct a next friend or guardian *ad litem* to act in the name and on behalf of the ward and make such renunciation for him. The orders of the circuit and probate courts were therefore correct, and in the decree in this case there is no error.

The decree of the chancellor is affirmed.

*Decree affirmed.*