BURTON CLARK *et al.* Appellants, *vs.* CARO LINA HANSON *et al.* Appellees.

*Opinion filed February 18, 1926—Rehearing denied April 13, 1926.*

1. WILLS—*provision of Dower act for renunciation of will does not apply where there is no real estate.* The provision of section 12 of the Dower act that a widow may renounce a provision made for her in her husband's will and take in lieu thereof one-half of the real and personal estate, where there are no children, does not apply unless the testator leaves real estate in which there was a right of dower, and so construed the statute violates no constitutional provision.

2. DOWER—*right of dower does not include an interest in personal property.* Dower, at common law, was a right only in real estate, and as generally used in the statutes it does not include any interest in personal property.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

MORSE IVES, and CHARLES C. BODENSTAB, (ROSE & SYMMES, of counsel,) for appellants.

MUSGRAVE, OPPENHEIM & McKEEVER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Burton Hanson died testate in Cook county, leaving a widow but no child or descendants of a child surviving him. By his will he made some provision for his widow and devised the residue of his estate to others whose relationship to the testator is not stated. The will was duly admitted to probate and letters testamentary were issued to O. W. Dynes as executor, October 31, 1922. The administration of the estate is still pending. Within a year after letters testamentary were issued the widow filed a written renunciation of the provision made for her by the will and an election to take in lieu thereof one-half of the real and personal estate remaining after payment of debts and claims against the estate. The only real estate the testator had any interest in was a piece of property in Evanston which was conveyed to the testator and his wife as joint tenants and became her sole property on the husband's death. The only estate left by the testator, therefore, was personal property. By agreement between the widow, residuary legatees and executor there was a partial distribution made of the estate in February, 1924, without prejudice to the rights of the parties in the estate remaining in the hands of the executor. Shortly thereafter the residuary legatees filed in the probate court a petition praying the court to order the executor to make further distribution. They alleged in their petition that the estate consisted wholly of personal property; that the widow had no right to dower in any real estate belonging to the estate, and that by the renunciation filed by the widow she became entitled to one-third of the personal estate of her husband after the payment of debts and expenses. Mrs. Hanson answered the petition,

320—31

and claimed that upon the filing of her renunciation of the provision made for her by the will and her election she became entitled to one-half of all testator's real and personal estate after payment of debts and expenses. The probate court found and adjudged that the widow was entitled to one-half of the estate after payment of debts and expenses and ordered distribution accordingly. The residuary legatees appealed to the circuit court. That court at the conclusion of the hearing denied all propositions of law requested by appellants and affirmed the order of the probate court that one-half of the estate be distributed to the appellants and one-half to the widow. The residuary legatees have prosecuted an appeal from the circuit court to this court on the ground that the constitutionality of a statute is involved.

The law under which the widow (hereafter called appellee) claims one-half of the estate is section 12 of the Dower act. In the circuit court appellants requested the court to hold, among others, a proposition of law that if section 12 be construed to govern in determining the validity of a renunciation when all the property of the estate is personal, then said statute is unconstitutional and void on the ground that it embraces a subject not expressed in its title, which title is, "An act to revise the law in relation to dower." The court refused all propositions of law requested.

Appellants contend the law does not recognize a right of dower in personal property, and the proper construction of section 12 is, that a renunciation and election under that section give the party renouncing, where there is real estate in which there may be a right of dower, one-half the land and also one-half the personal estate. But it can only be so construed where the testator left real estate. The section provides that when a husband or wife dies testate, leaving no child or descendants of a child, the surviving spouse may elect to have "in lieu of dower in the estate of which

the deceased husband or wife died seized, * * * and of any share of the personal estate which he or she may be entitled to take with such dower," one-half of all the real and personal estate after payment of debts and expenses. Counsel argue that the language of the statute plainly was intended to apply only to estates where the testator dies seized of land in which the surviving spouse might have a right of dower. In such case it is said section 12 gives the right to take, "in lieu of dower" in the estate of which the deceased husband or wife died seized, one-half the land; also "in lieu" of the share in the personal estate remaining after the payment of debts which the surviving spouse may be entitled "to take with such dower," one-half of the personal estate.

The statute in express words makes a distinction between dower in the "estate" of which the deceased died "seized," and the share of the personal estate which the survivor may be entitled to take "with such dower." If it was intended to give the surviving spouse the same right in an estate consisting entirely of personal property as in an estate consisting of both personal property and real estate, why should such language have been used in the statute? Section 10 of the Dower act is not restricted to cases where the testator left no children. It provides for the renunciation of the provision of a will made for a surviving husband or wife. Such a provision, unless otherwise expressed in the will, will bar dower "in the lands of the deceased" unless renounced, in which case the survivor shall be entitled to dower "in the lands" of the deceased and one-third of the personal estate after payment of debts. Section 12 applies where the deceased died testate and left a surviving husband or wife but no child or descendants of a child. It authorizes the election of the surviving spouse to take in lieu of dower in the estate the deceased died seized of, and in lieu of the share of the personal estate the survivor would be entitled to take "with such dower," one-

half of both real and personal estate. It seems to us clear that in enacting section 12 the legislature had in mind only estates where there was a dower right in land distinct from the survivor's right or interest in the personal estate. The statute could easily have been so worded as to be applicable to estates consisting wholly of personal property, but it is not so worded. The only escape we can see from this construction is to say dower is not limited to mean an interest in real estate but means also an interest in personal property.

Appellee contends that in the legislation in this State from 1829 to 1874, except two periods, 1846-47 and 1872-74, the meaning of the word "dower" has been extended to include an interest in personal property. Numerous legislative acts are referred to in support of that contention, but we do not think they sustain it. That dower at common law was a right only in real estate is recognized by all text writers and all decisions of courts. It was an estate for life which the law gave the widow in the third part of the land of which her husband died seized and did not include any interest in personal property. The right of dower has been frequently mentioned in legislative acts in this State from its admission into the Union down to the present time, but we do not find any of such legislation ever extended dower to include an interest in personal property.

Under the law of this State a widow has long had the right to a share of the personal estate of her husband, and some confusion may have arisen in clearly distinguishing between the nature of the right to a share of the personal property and to a dower interest in the land. Section 10 of the Dower act (Rev. Stat. 1845, p. 199,) provided that a devise of land to the widow should, unless otherwise expressed, bar her right to receive dower in the land or share of the personal estate unless she renounce the will, which she might do and elect to take her dower in the land and her share of the personal estate. Section 11 of the same act provided the form of renunciation of the will and the

time within which it should be filed, and that where the widow renounces all claim under the will she should "be entitled to dower in the lands or share in the personal estate of her husband." In *Boyles* v. *McMurphy*, 55 Ill. 236, it was contended that the widow of a husband who died testate, leaving no child or descendants of a child, who had renounced the will and had received a share of the personal estate, was not entitled to dower in the real estate. The basis of that contention appears to have been the provision of section 11 that the widow by renouncing became entitled to dower in the lands "or share in the personal estate of her husband." The court said section 11 should be construed in connection with section 10. Section 10 authorized the renunciation of the provisions of the will and the election to take dower in the land "and her share in the personal estate of her husband." The court said the purpose of section 11 was not intended to take anything from the widow's right, and the word "or," used in that section instead of "and," could not be adjudged to have that effect. In that case the parties appear to have united in asking the court to decide whether, if the widow was entitled to dower, she could, under section 15 of the Dower act, make her election to have half of the real estate remaining after payment of debts in lieu of dower and hold half the real estate and her share in the personalty. Section 15 as it then existed provided that if the husband died leaving a widow but no child or descendants of a child, the widow had the right to elect to take in lieu of dower in the estate of which her husband died seized, one-half of the real estate remaining after the payment of debts and claims. The section then made no reference to the personal estate. The court said it had no hesitation in saying the widow might elect to take one-half of the real estate under the 15th section and hold the same together with her share in the personal estate; that one-half of the real estate was given in lieu of dower, alone, which is an interest in land, and the

election to take one-half the land in nowise affected her right in a share of the personalty.

In 1847 the act concerning wills was amended, and section 6 of the amendment provided that the word "dower," as used in the 46th section of the Wills act, should be construed to include a saving to the widow of a person dying intestate, one-third of the personal estate after payment of debts. In the *Boyles case, supra,* attention was called to that amendment, and this court said it only enlarged the meaning of the word "dower" so as to embrace an interest in personal estate as used in that particular section but did not affect the legal meaning of the words used elsewhere. *White* v. *Dance,* 53 Ill. 413, was cited in support of the decision. In that case the court considered section 15 of the Dower act, which with some changes has become the present section 12, and said: "The word 'dower,' here, must be considered as having been used in the same sense in which it had just been used in the 10th section,—that is, in its proper, common law sense, having no relation to the widow's interest in the personal property, which is designated in the 10th section as a distinct interest and by appropriate language. Moreover, the 15th section uses the language, 'in lieu of her dower in the estate of which her husband died seized,' which is language only appropriate to realty, both in the terms 'dower' and 'seized.' The section was clearly designed to give to the widow the right to elect between two different estates in the realty without disturbing her interest in the personalty." In *Scheible* v. *Rinck,* 195 Ill. 636, the court said: "There must be a subsisting right of dower to entitle a surviving wife or husband to make the election provided for in said section 12. The election is to take one-half of the real and personal estate of the testator or testatrix remaining after the payment of all claims and debts, in lieu of that which the survivor would be entitled to take as dower in the lands of the deceased and the interest otherwise allowed in the personal

estate of the testator." The construction of section 12 was not involved in *Giger* v. *Bishop*, 231 Ill. 472. The language of section 12 does not indicate that it was intended to apply to estates where there was no real estate. To hold otherwise, it would be necessary to say that the right of dower in lands includes the right to a share in the personal estate, and that it was intended to apply when the deceased husband or wife was "seized" of no "estate" in land. That construction seems to be contrary to the language of the statute. Neither do we think the legislation on the subject prior to the enactment of section 12 in its present form has disregarded the distinction between the right to dower in land and the right to a share in the personal estate, or that the right to dower has ever included the right to a share of the personal estate.

We have called attention to what we believe the most important cases decided by this court upon the question, and the nearest approach to holding that dower includes the right to a share in the personal estate is what is said in the decision in *Boyles* v. *McMurphy, supra,* about the amendment of 1847. The court said that the amendment declaring the word "dower," as used in the Wills act, should include one-third of the personal estate, only enlarged the word "dower" as used in that particular section and did not affect its meaning as used elsewhere.

Construing section 12 as we have construed it the statute violates no constitutional provision, and it is not necessary to determine whether, if the construction given it by the circuit and probate courts is the correct construction, it would be unconstitutional.

The judgments of the probate and circuit courts are reversed and the cause remanded.

*Reversed and remanded.*