In re Estate of Jean F. Judd, Deceased. Hunter Farrow et al., Appellants, v. Elmer M. Judd, Appellee.

Gen. No. 39,358.

Opinion filed December 14, 1937.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellants; BENJAMIN V. BECKER and DON M. PEEBLES, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellee; JOSEPH B. FLEMING and W. AYERS KEPLINGER, of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Jean F. Judd, died testate December 26, 1934, and her will was duly admitted to probate. The will, after making several specific bequests, provided that the residuary estate should be divided among her husband, Elmer M. Judd, respondent herein, and her five brothers and sisters, the petitioners, "in equal shares and being one-sixth to each." The estate of decedent in Illinois consists solely of personal property and no children nor descendants of a deceased child survive decedent. Respondent filed his renunciation and claims that he thereby acquired a one-half interest in the estate. The probate court ruled in his favor and on appeal and after trial *de novo* in the circuit court that order was affirmed and the executor was directed to distribute one-half of the personal estate to respondent and the remaining one-half to the five petitioners in equal shares. Petitioners have appealed.

The question presented is whether the provisions of ch. 41, Ill. State Bar Stats. 1935, ¶ 1 *et seq.*; Jones Ill. Stats. Ann. 41.01 *et seq.*, as amended in 1927, commonly known as the Dower Act (but not so designated in the statutes), are applicable to an estate consisting solely of personal property. If applicable respondent becomes entitled to a one-half interest in the estate by virtue of his renunciation; if the statutes do not apply the provisions of the will remain in full force and effect.

It is first urged by petitioners that "no provision was made by the statutes in force prior to 1874 for any estate in personal property accruing to the surviving spouse, in a testate estate, *unless the deceased spouse*

*had been the owner of an estate in land."* (Italics ours.) It is argued that the so-called Dower Act, as amended in 1927, must be construed in the light of the historical background of applicable statutes prior to and including the Act of 1874 and the construction placed upon them by the courts of this State. The statutes preceding the Dower Act of 1874 may be summarized as follows: The ordinance of 1787 (Hurd's Revised Statutes of Illinois, 1915–16, XVIII) gave the widow of an intestate estate one-third of the real estate for life and one-third of the personalty. The Illinois laws of 1819 contain the same provisions.

By sec. 40 of the Wills Act of 1829, the widow, upon renunciation, became entitled to one-third of the real estate and one-third part of the personal estate after payment of debts.

Under sec. 10, ch. 34 of the Revised Statutes of 1845, the widow, upon renunciation, received "her *share* in the *personal estate* of her husband," but the statutes failed to define specifically what that share should be.

The first judicial construction of the statutes arose in *McMurphy v. Boyles,* 49 Ill. 110, wherein the testator left him surviving a widow, but no children or descendants of children. His estate consisted solely of personal property, and provision was made for the widow in the will. She renounced the will and claimed thereby to be entitled to the entire estate. The court held that, although the widow's interest was not specifically defined in the statutes, her *share* in the *personal estate* of her husband meant a *one-third* interest. Within a period of two years the Supreme Court of this State twice reaffirmed this doctrine. In *White v. Dance,* 53 Ill. 413, the court sustained the widow's right to one-third of the personal property, notwithstanding the statutory provision for only a *share* in the personal estate of her husband, and in the case of *In re Taylor's Will,* 55 Ill. 252, the doctrine of the

"widow's one-third" was again reaffirmed. Here the court for the first time frankly admitted that no statutory authority existed for this construction, saying (p. 259) "it has become a sort of common law in this State, that this support shall be, 'in all cases,' one-third of the husband's real estate for life, and one-third of the personal estate forever, . . . ."

The foregoing cases are cited by petitioners' counsel as supporting the contention made under point one in their brief, namely, that the statutes in force prior to 1874 made no provision for any estate in personal property accruing to the surviving spouse, unless deceased has been the owner of real estate, but we do not understand these decisions as so holding. In *McMurphy v. Boyles, supra,* the estate consisted solely of personalty and yet the court awarded the widow one-third interest in the personal estate of her husband upon renunciation of his will. The decision cannot be construed to mean that the awarding of one-third of the personalty depended on the existence of real estate. Again, in *White v. Dance, supra,* the court awarded the widow one-third of the personal property and in so doing contradicted the contention here made by petitioners that the deceased spouse must be the owner of an estate in land, by saying that "the section was clearly designed to give to the widow the right to elect between two different estates in the realty, without disturbing her interest in the personalty." Although the criticism of petitioners' counsel, that the courts "reached beyond the language of the statute," is apparently well founded, nevertheless these early decisions demonstrate that the legislature intended to give the widow a share in the personal estate regardless of whether or not there was any real estate involved, and in the absence of a specific definition in the statute as to the amount of the "share" of personalty to which the widow shall be entitled upon renunciation of her

husband's will, the courts construed it to be one-third. Just why the widow's share was not specifically defined by statute is a matter of conjecture, but the court in *McMurphy v. Boyles, supra,* attributed the vagueness of the statutes to the legislative draftsmen. Whatever other criticism may be levelled against these early decisions, they cannot be construed as holding that real estate must be involved before the surviving spouse can take an interest in the personal estate of the deceased spouse in the testate estate.

It is next urged by petitioners that "the Dower act of 1874, although originally misinterpreted by the Supreme court of Illinois, contained no provision affording an estate in personal property to a surviving spouse in a testate estate, in the absence of an estate in land in which dower could attach." Sec. 1 of the Act of 1874 is substantially the same as sec. 1 of the Act of 1845, except the provisions thereof were made applicable to both husband and wife. Sec. 10 of the Act of 1874 remedied the omission in the statutes of 1845 by defining the phrase "share in the personal estate," as a one-third interest in personal property. Sec. 12 of the Act of 1874, which superseded sec. 15 of the prior statute, dealt generally with the same subject matter without any material changes.

The early cases of *Kent v. McCann,* 52 Ill. App. 305, and *Laurence v. Balch,* 195 Ill. 626, involved the question as to the extent of the interest acquired under the Act of 1874 in personal property, and the Appellate and Supreme Courts both affirmed the doctrine of the "widow's one-third" as it then existed. Next followed *Zakroczymski v. Zakroczymski,* 303 Ill. 264, wherein the court affirmed the holding in *Laurence v. Balch,* giving the husband one-third of the personal estate. However, two of the justices, dissenting, concluded that the doctrine of the "widow's one-third" in personalty was based on a nonexistent statute. Then followed

*Clark v. Hanson,* 320 Ill. 480, which is the subject matter of much discussion by counsel on both sides of this controversy. The estate there consisted of personal property. There were no children or descendants of children surviving the testator. He made some provision in his will for the widow and devised the residue of his estate to other relatives. Within a year after letters testamentary issued the widow filed a written renunciation of the provisions made for her by the will, and under sec. 12 of the Dower Act claimed one-half of the estate. Sec. 12 then provided that when a husband or wife died testate, leaving no child or descendant of a child, the surviving spouse may elect to have "in lieu of dower in the estate of which the deceased husband or wife died seized . . . and of any share of the personal estate which he or she may be entitled to take *with such dower*" (italics ours) one-half of all the real and personal estate after payment of debts and expenses. The court, after reviewing the history of dower in this State concluded that sec. 12, as it then existed, did not apply to cases consisting solely of personal property. The court evidently based its decision on the use of the words "with such dower," and construed that language in sec. 12 to mean that no estate in personal property could be acquired by virtue of the Dower Act unless the decedent had also been the owner of real estate.

The Supreme Court thus definitely settled the law, contrary to former precedent, by construing the Dower Act to mean that no right in personal property accrued by reason of the Dower Act in a testate estate consisting solely of personal property. Respondent's counsel say that "this decision came as a distinct shock to the entire legal profession," and that the amendments at the next session of the legislature in 1927 were "enacted to cure the unfortunate results of that decision." Petitioners, on the other hand, contend that *Clark v.*

*Hanson,* is still controlling, because no substantial difference can be pointed out between the Act of 1874 and the Amendments of 1927, the enactment of which they say merely evidences a desire on the part of the legislature to reaffirm the holding of *Clark v. Hanson.*

Counsel on both sides assert that respondent's claim to one-half of the personal property, through renunciation of the will, must be determined under the provisions of sec. 1 of the statute as amended in 1927, which, with the added portions of the section italicized, reads as follows: "Par. 1. Curtesy abolished—Husband and wife to have dower—Equitable estates—Interest of surviving spouse in personalty. Section 1. The estate of curtesy is hereby abolished, and the surviving husband or wife shall be endowed of the third part of all lands whereof the deceased husband or wife was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. Equitable estates shall be subject to such dower, and all real estate of every description contracted for by the deceased husband or wife, in his or her lifetime, the title to which may be completed after his or her decease. *And except where the deceased spouse died intestate, the surviving husband or wife, in case the deceased spouse died leaving surviving a child or children or descendants of a deceased child or children, shall also be entitled to one-third of all the personal property owned by the deceased spouse at his or her death, after all just debts and claims against such estate are fully paid, as and for his or her absolute estate forever; or, in case such deceased spouse left no child, children, or descendants of any deceased child or children, said surviving husband or wife shall be entitled to one-half of such personal estate of such deceased spouse, after all just debts and claims against such estate are fully paid, as and for his or her absolute estate forever."* Did the legislature by this amend-

ment indicate an intention to depart from the holding in *Clark v. Hanson,* or did it so frame the amendment that the effect of that decision would be carried on and become the statutory law of this State?

It is apparent that preceding the decision in *Clark v. Hanson* the question under consideration always presented some difficulty, and the courts in their effort to meet "an eager desire on the part of the lawmakers to provide some support for the wife in the event of her surviving her husband," reached beyond the language of the statute, and, as said in *In re Taylor's Will,* 55 Ill. 252, found "a sort of common law" by which they established the doctrine of the widow's one-third with respect to personal property. In *Clark v. Hanson* the court pointed out the statutory distinction between "dower in the 'estate' of which the deceased died 'seized' and the share of the personal estate which the survivor may be entitled to take 'with such dower,' " and then inquired "if it was intended to give the surviving spouse the same right in an estate consisting entirely of personal property as in an estate consisting of both personal property and real estate, why should such language have been used in the statute?" That decision undoubtedly had the effect of placing an entirely different construction on the Dower Act, with respect to personal property, and we think it challenged the bar to seek and the legislature to enact amendments that would clarify the rights in personal property accruing by reason of the marital relation. A number of circumstances support this conclusion. The decision in *Clark v. Hanson* became final upon the denial of the petition for rehearing in April, 1926. The Amendments of 1927 were enacted at the very next session of the legislature. The contention was made in *Clark v. Hanson,* that sec. 12 of the Dower Act was unconstitutional because it embraced a subject not expressed in its title. In view of its holding that this

section did not apply to cases consisting solely of personal property, the court did not find it necessary to pass on the constitutional question. The Act of 1874 was entitled ''An Act to revise the law in relation to dower.'' The Amendment of 1927, evidently for the purpose of avoiding any further question as to the constitutionality of the act, changed the title to read ''An Act concerning the rights in real and personal property accruing by reason of the marital relation,'' and since the decision in *Clark v. Hanson* as to sec. 12 was clearly based on the words ''with such dower,'' those words were omitted from the act as amended, evidently to obviate any future contention that the personal property mentioned in sec. 12 depends on a subsisting right of dower.

We think the added paragraph of sec. 1 of the amendment accomplished certain definite objects by providing for an interest in personal property in all cases except where the deceased spouse died intestate; it supplied the necessary provision as to personal property in estates where the surviving spouse was not mentioned in the will; and it also gave to the surviving spouse certain rights which are applicable only to testate estates and comprise the ''other rights'' referred to in secs. 10 and 12. If it were true, as petitioners' counsel contend, that the legislature intended by the amendment of 1927 to so frame the amendment that the effect of *Clark v. Hanson* would be carried on and become the statutory law of Illinois, the lawmakers would certainly have retained the words ''to take with such dower.'' The title of the act would not have omitted the word ''dower,'' and ''the other rights'' specifically defined in the added portion of sec. 1 would have been made to depend upon the possession of real estate at the time of the testator's death. The elimination of reference to dower, both in the title and in the act, indicates a contrary intention. Upon the whole,

we think the changes, omissions and additions to the act were all made for the purpose of defining and enlarging the interest of the surviving spouse in personal property and to obviate the effect of the decision in *Clark v. Hanson.* It is pointed out in respondent's brief, and is obviously true, that many estates today consist largely of personal property which may represent the accumulation and labors of a lifetime. Personal property so accumulated and constituting the bulk of an estate ought to have the same dignity as real estate, and sound reason dictates that a provision in the statute for the passing of personal property for the surviving spouse in testate estates ought not to depend on the ownership of real estate. If it were otherwise, a small parcel of real estate, constituting one of the assets of a substantial estate, would determine whether or not a surviving spouse could gain anything by renunciation.

We are of the opinion that the probate and circuit courts properly ruled in favor of respondents's contention. The order of the circuit court is therefore affirmed.

*Order affirmed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.