Julia DesBoeuf *vs.* Felix Louis DesBoeuf, Appellee.— (Zoiah Blankenship *et al.* Appellants.)

*Opinion filed October 24, 1916.*

1. Wills—*testator's intention controls if not contrary to public policy.* The fundamental rule in the construction of all wills is to ascertain and to declare the intention of the testator, and this intent is to be gathered from the language of the will itself and from a consideration of all of its provisions, and when the intention has been ascertained it must be given effect, unless to do so would contravene some principle of public policy or some rule of property.

2. Same—*words may be transposed to make clear doubtful provisions and to carry out manifest intention.* In construing doubtful provisions of a will courts may look to the circumstances surrounding the testator and the beneficiaries named in the will at the time the will was made, and if some provision of the will be obscure and the intention of the testator with reference to it can be ascertained from a consideration of the entire will, then words may be rejected, transposed or so restricted in their application as to change their literal meaning to bring the obscure provision in harmony with the intention of the testator, if it can be done without doing violence to the language of the provision.

3. Same—*it is presumed that testator intended to dispose of all his property.* Unless it clearly appears to the contrary it will be presumed that the testator intended to dispose of all of his prop-

erty by his will and to leave no part of it as intestate property, and the court will adopt any reasonable construction of the will rather than to hold that the testator intended to die intestate as .to any of his property.

4. SAME—*what provision of a will gives widow only her statutory rights.* Where a testator has one surviving child by his second wife, no surviving child but certain grandchildren by his first wife and no issue by his third wife and surviving widow, a clause in his will providing "that the balance of my estate, both real and personal, all descend to my wife, Julia, and my·son, [naming him,] as the statutes of the State of Illinois provides," following a clause which gives comparatively small sums to his grandchildren, expressly excludes them from any further interest in the estate and states reasons why, will be construed to mean that the widow takes only her statutory rights of homestead and dower and that the only son shall have all the remainder of the estate.

APPEAL from the Circuit Court of Lawrence county; the Hon. J. C. EAGLETON, Judge, presiding.

DEWITT Q. CHAPPELL, and JONES & LOWE, for appellants.

S. J. GEE, and MCGAUGHEY & TOHILL, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Joseph DesBoeuf was the owner of 728½ acres of land in Lawrence county, and also owned at his death personal property of the value of about $25,000. He was married three times, and by his first wife one child, only, was born, Frances DesBoeuf, who died in 1883, leaving her surviving Jules Grandclaire, her husband, Zoiah Blankenship, Malinda Forester and Alphonso Grandclaire, as her only children. By his second marriage he had one son, Felix Louis DesBoeuf. He had no child by his last wife. The said Joseph DesBoeuf died testate November 6, 1914, leaving him surviving his widow, Julia DesBoeuf, and Zoiah Blankenship and Malinda Forester, his grandchildren, and Felix Louis DesBoeuf, his only child, as his only heirs-at-law, said Alphonso Grandclaire having died in infancy, leaving no chil-

dren or descendants of children. The testator executed his will on March 5, 1893, and the value of his property had largely increased at the time of his death. His will was duly probated in the county court of Lawrence county, and Felix Louis DesBoeuf qualified as the executor named in the will. By the first clause of his will he provided that all of his just debts should be paid. The second and third clauses of the will provided as follows:

"*Second*—I give and bequeath to my grandchildren, Zoiah Grandclaire, Alphonso Grandclaire and Malinda Grandclaire, as follows, to-wit: I give and bequeath to Zoiah Grandclaire the sum of $200, to Alphonso Grandclaire the sum of $100 and to Malinda Grandclaire the sum of $100, to be paid to their guardian or guardians if they, or either of them, shall be minors at the time of my decease; these amounts to be in full payment of all amounts to which they are to be entitled in and to any and all of my estate, large amounts having been heretofore advanced to their mother, during her lifetime, by me.

"*Third*—It is my will that the balance of my estate, both real and personal, all descend to my wife, Julia, and my son, Felix Louis DesBoeuf, as the statutes of the State of Illinois provides."

The widow, Julia DesBoeuf, filed a bill in equity at the February term, 1915, of the Lawrence county circuit court, to construe the third clause of the will. She contended in the lower court that the third clause should be so construed that she would receive in fee one-half of the land of which the testator died seized and one-half of the personal property which he owned at the time of his death. Felix Louis DesBoeuf answered the bill, and claimed that the proper construction of clause 3 is, that after payment of the special legacies bequeathed to the grandchildren, and claims against the estate, one-third of the personal property is bequeathed to the widow and the remainder thereof to him, and that all of the real property is devised to him subject ·

to a dower and homestead interest of the widow, the deceased having resided on the land with his wife up to his death. He also filed a cross-bill, in which he alleged that some twenty-five years before the death of his father, his father made a verbal contract with him to give him 248 acres of said land if he would take possession of the same and manage, use and improve it; that he accordingly took possession of it, built a large dwelling house thereon and made other lasting and valuable improvements thereon and lived on the same up to the death of his father; that the improvements placed thereon by him cost him $10,000 or more, and that by reason thereof he became the owner, and was the owner of said land at his father's death. The two grandchildren also answered the bill, and claimed that by a proper construction of said clause 3 the testator attempted to devise precisely the same estate to the devisees under that clause as they would get by the Statute of Descent under the laws of Illinois and that said clause is invalid, and that said property should descend and be distributed to the widow and heirs as intestate property. They also filed a cross-bill setting up the same contention and asking for a partition of the land. On the hearing of the issues joined the court entered a decree dismissing both of the cross-bills, and finding and decreeing that by said clause 3 the testator devised all of his real estate to Felix Louis DesBoeuf, subject to the widow's statutory rights of homestead and dower, and that after the payment of the specific legacies and all debts and charges against the estate the personal property was to be distributed, one-third to the widow and the remainder to his son, Felix Louis DesBoeuf. From that decree Zoiah Blankenship and Malinda Forester have prosecuted this appeal.

The fundamental rule in the construction of all wills is to ascertain and to declare the intention of the testator. This intent is to be gathered from the language of the will itself and from a consideration of all of its provisions, and

when the intention has been ascertained it must be given effect, unless to do so would contravene some principle of public policy or some rule of property. (*Phayer* v. *Kennedy,* 169 Ill. 360.) In construing doubtful provisions of a will, courts may look to the circumstances surrounding the testator and the beneficiaries named in the will at the time the will was made. (*Morrison* v. *Tyler,* 266 Ill. 308.) If some provision of the will be obscure and the intention of the testator with reference to it can be ascertained from a consideration of the entire will, then words may be rejected, transposed or so restricted in their application as to change their literal meaning, to bring the obscure provision in harmony with the intention of the testator, if it can be done without doing violence to the language of the provision. (*Rose* v. *Hale,* 185 Ill. 378; *Huffman* v. *Young,* 170 id. 290.) Unless it clearly appears to the contrary, it will be presumed that the testator intended to dispose of all of his property by his will and to leave no part of it as intestate property, and the courts will adopt any reasonable construction of the will rather than to hold that the testator intended to die intestate as to any of his property. *Eyer* v. *Williamson,* 256 Ill. 540.

It is very apparent from clause 2 of the will under consideration that the testator intended that his grandchildren mentioned in that clause should receive none of his property, real or personal, other than the specific sums bequeathed to them by that clause. He expressly says so by that clause and gives his reason why they should receive no more, the same being because of the fact that he had advanced large amounts to their mother in her lifetime. The amounts advanced to the mother in her lifetime may be insignificant in value as compared with the value of the property that the son is to take by the provisions of the will, but this fact has been brought about by the further fact of a very large advance in the value of his real estate since the time the testator made his will, the will being more than twenty years

old at the time of his death. It is equally clear from a consideration of the whole will in connection with clause 3, that the testator intended that the residue of his estate should go to his son, Felix Louis DesBoeuf, and to his widow. The only difficulty in interpreting the will is to determine the amount or proportion of the property that each of the two devisees is to take. We think it very apparent from the provisions of the whole will that what he intended by clause 3 is, that his widow is to take according to the provisions of the statute for a widow and that the son is to have the remainder. It is commonly understood among lay members of society making wills that widows are granted certain rights by statute that cannot be defeated by a will, and this the testator no doubt had in mind. The widow is the first devisee mentioned in clause 3. The widow and his son are the only devisees mentioned in that clause of the will, and by that clause,—that is, by his will,—he was making them the only devisees of his residuary estate. He was treating them for the time being, and as to the property then in consideration by him, as the only heirs thereto,—that is to say, as the only persons who are to take that property under his will. We think his meaning, expressed in full, is, that they were to take the property in the same proportions as they would under the statute if they were his widow and his only heir-at-law,—*i. e.,* that the widow was to first have what the statute would give her if no will had been made and that the residue should go to his son. The word "descend," as used in that clause, was not used by the testator in its ordinary technical meaning. The testator evidently had simply two things in his mind when he dictated the third clause. The first idea was that his widow and son were to have the entire residuary estate, and the second that the widow should take her part that belonged to her as a widow and that the son should take his part as if he were the only heir thereto, as both would do in case no will was made. The effect of this in-

terpretation is to transpose the phrase, "as the statutes of the State of Illinois provides," so that it will immediately follow the words, "my wife, Julia," and to consider it as referring solely to his wife.

The foregoing interpretation gives effect to the manifest intent of the testator and brings clauses 2 and 3 into harmony with each other. It is the construction which the trial court adopted, and which we have no doubt is the proper construction to be placed on the third clause after fully considering it with all the other provisions of the will. Under this construction of the will all of the real estate passes to Felix Louis DesBoeuf, subject to the rights of the widow to homestead and dower therein. It is therefore unnecessary to consider the cross-errors assigned by him on this appeal from the decree dismissing his cross-bill, as the widow would take dower and homestead in any event.

The decree of the trial court is affirmed.

*Decree affirmed.*