(No. 16860.—Decree affirmed.)
ABRAHAM SHOUP, Appellant, vs. JOSEPH H. SHOUP et al.
Appellees.

*Opinion filed December 16, 1925.*

1. DESCENT—*provision for absolute estate in lieu of dower applies only to intestate estates.* The provision of the fourth paragraph of section 1 of the Statute of Descent, as amended in 1923, that a widow or surviving husband may take in lieu of dower an absolute estate in one-third of each parcel of the real estate owned by the deceased spouse at time of death, applies only to intestate estates and does not apply where there is a will even though the surviving spouse is not provided for in the will, as the owner of property may dispose of it by will contrary to the Statute of Descent. (*Saunders* v. *Saunders,* 310 Ill. 371, explained.)

2. WILLS—*rights of surviving spouse under Dower act cannot be disposed of by will.* The statute in regard to wills authorizes the owner of property to make a different disposition from that provided by the Statute of Descent, but a surviving spouse cannot be deprived of the rights conferred by the Dower act, although the fee in an estate may be disposed of subject to those rights.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding.

QUINN & QUINN, (FRANK J. QUINN, CHARLES V. O'HERN, and EDWARD T. O'CONNOR, of counsel,) for appellant.

DAILEY, MILLER, McCORMICK & RADLEY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Henrietta Shoup died testate in October, 1924, owning at the time of her death 240 acres of land in Peoria county. She left surviving a husband, Abraham Shoup, a son, Joseph, and descendants of a deceased daughter. By her will she gave all her estate, except a $2000 legacy to the grandchildren, to her son, Joseph. No provision was made for the husband and he was not mentioned in the will. In 1923

the Statute of Descent was so amended as to give the sur-
viving husband or wife, where there was a surviving child
or children or descendants, an absolute estate of one-third
of the land which the deceased spouse owned at the time
of death.    Abraham Shoup, the surviving husband, filed
what purported to be his election to waive dower in the
real estate of his deceased wife and to take in lieu thereof
a one-third interest in the land absolutely.  After filing said
paper he filed the bill in this case for partition.  No personal
estate seems to be involved by this litigation.  The husband
by his bill claims to be the owner of an undivided one-third
in fee of the land as surviving husband of the testatrix and
that the son is the owner of an undivided two-thirds.  The
circuit court sustained a demurrer to and dismissed the bill
for want of equity, from which decree the husband has
prosecuted this appeal.

Paragraph 4 of section 1 of the Statute of Descent pro-
vides that where there is a surviving widow or husband and
a child or children or descendants of a child of the intes-
tate, the surviving widow or husband shall receive as his
or her absolute estate one-third of the personal property of
the intestate and also one-third of the real estate as his or
her absolute property in lieu of dower, in which such sur-
viving widow or husband shall waive the right of dower.
That statute applies only to intestate estates.  The owner of
property may dispose of it by will contrary to the Statute
of Descent.

Appellant contends that as no provision was made in
the will of the testatrix for him the estate should be treated
and considered, so far as his rights are concerned, just the
same as if there had been no will, and that he is entitled to
one-third of his deceased wife's real estate in fee simple in
lieu of dower.  The fee having been disposed of by will
the testatrix's husband took no estate in her lands under
the Statute of Descent, for that statute applies only to in-
testate estates.  It is true she made no provision for appel-

lant, but by her will she deprived him of the right to take any estate under the Statute of Descent. Any right he has to an estate in his wife's land as surviving husband must be found in the chapter of our statute on dower. Section 1 of that act entitles the surviving husband or wife to dower in the one-third part of the deceased's lands, and that interest he could not be deprived of by will unless the will made some provision for him which would bar his right to dower unless he renounced the benefits made for him in the manner provided by section 10 of the Dower act.

Appellant contends that he having filed a renunciation of his right to an estate of dower and elected to take an estate under the Statute of Descent he is now entitled to one-third of the land in fee, the same as if his wife had died intestate. This is a misapprehension. A husband or wife cannot by will deprive the survivor, without his or her consent, of the legal claim which the statute gives to him or her as surviving husband or wife. (*In re Taylor's Will,* 55 Ill. 252.) In that case the deceased husband's will made no provision for the widow but merely provided that she take so much of his estate as the law entitled her to, and the court said, where no provision was made for the surviving wife, the husband's estate, "as to her, is intestate to the extent of her legal claims," and she was entitled to the interest in the estate, real and personal, given by the Dower act.

Appellant places much reliance upon the expression in the *Taylor case* that as the will made no provision for the widow, as to her the estate was intestate to the extent of her legal claims, and cites *Saunders* v. *Saunders,* 310 Ill. 371, where the court used similar language. In the *Saunders case* a woman claiming to be the surviving wife of the testator filed a bill to contest the will of deceased. She was not mentioned in the will. The court held, as no provision was made for her in the will she was not deprived by it of any claim the statute gave her in the estate as

widow. "If appellant is the widow, as she claims to be, the estate as to her is intestate, but except as to her rights as widow under the statute it is testate estate." The expressions in those and other cases, that where no provision is made in the will for the widow, as to her the estate is intestate to the extent of her legal claims under the Dower act, do not mean, and were not intended to mean, the owner could not dispose by will of the fee of his estate subject to the legal claims of his widow conferred upon her by statute, which is dower in his land and one-third of the personal property after payment of debts. Those rights the surviving spouse cannot be deprived of by will, but the fee may be disposed of subject to those rights in the estate. (*Laurence* v. *Balch,* 195 Ill. 626; *Scheible* v. *Rinck,* id. 636; *Cribben* v. *Cribben,* 136 id. 609.) The Statute of Descent provides for the distribution of the property of one who dies intestate, but the act in regard to wills authorizes the owner to make a different disposition from that provided by the Statute of Descent. *Quirk* v. *Pierson,* 287 Ill. 176.

By an amendment in 1925 to section 10 of the Dower act it is provided that where a renunciation is filed under that section by a surviving husband or wife he or she shall receive as his or her absolute estate, in lieu of dower, one-third of the real estate, in which he or she shall waive his or her right of dower. As that section only applies to testate estates when the will makes provision for the husband or wife, it is not claimed appellant can receive any benefit under the amendment. The will did not deprive appellant of any right in his wife's estate conferred by the Dower act, but it could, and did, deprive him of any estate under the Statute of Descent. The fee in the land was disposed of by the will, subject to appellant's rights under the Dower act.

The decree is affirmed.          *Decree affirmed.*

Mr. JUSTICE DUNCAN, dissenting.