(No. 17627.—Decree affirmed.)
CLARA SUITER, Appellant, *vs.* VINTON SUITER *et al.*
Appellees.

*Opinion filed October 28, 1926—Rehearing denied Dec. 22, 1926.*

1. WILLS—*gift to widow of "all her legal rights" has no fixed meaning.* Where a testator gives his widow "all her legal rights" in his estate resort must be had to other provisions of the will to determine what share of his property he intends the widow to have, as the words themselves have no fixed meaning.

2. SAME—*testator presumed to have intended to leave no part of his property intestate.* Unless it clearly appears to the contrary it will be presumed that the testator intended to dispose of all his property by his will and to leave no part of it intestate, and the courts will adopt any reasonable construction of the will to avoid holding any part of the property intestate.

3. SAME—*beneficiaries take under the will and not under Statute of Descent.* Where the testator disposes of all his property by his will the beneficiaries take no estate in the lands under the Statute of Descent, for that statute applies only to intestate estates.

4. SAME—*when provisions of Statute of Descent do not apply—dower.* The provisions of the Statute of Descent have no application where a testator gives his widow "all her legal rights" in his estate and there is nothing more in the will to indicate what such rights are, and where the widow, instead of renouncing the will, elects "to take her one-third interests in said real estate as by the terms of the statute made and provided and in accordance with the terms of the will," she must be held to have elected to take under the will giving her "her legal rights," or dower, and she will

not be entitled to one-third of both the real and personal estate, as provided in the Statute of Descent. (*Bennett* v. *Bennett*, 282 Ill. 266, explained.)

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

HOGAN & REESE, and WALTER M. PROVINE, for appellant.

J. A. MERRY, W. B. McBRIDE, and LESLIE J. TAYLOR, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Charles Suiter died testate in Christian county September 20, 1924, leaving him surviving his widow, Clara Suiter; a son, Vinton Suiter, and three children of a deceased daughter, Mary McWard, descendants of a former wife; and a daughter and a son, children of the surviving widow. These heirs, together with the five children of his son, Vinton, are the devisees under his will. After directing his executrix to pay his debts his will provides:

"*Secondly*—After the payment of such funeral expenses and debts I give, devise and bequeath to my wife Clara Suiter all her legal rights in my estate, whatsoever they may be.

"*Thirdly*—I hereby direct that my executrix hereinafter named shall keep my estate all together for the term of five years from the date of my death the same to be held in trust and managed by her, and out of the income therefrom, after paying taxes, repairs and the necessary expenses of the management thereof, to pay the remainder of the income therefrom on any debts that I may owe at the time of my decease. The remainder of my estate after the payment of debts and funeral expenses and provisions herein

made for my wife Clara Suiter, I give, devise and bequeath, as follows: To my son Vinton Suiter, the one-eighth share thereof; to the children of Vinton Suiter, the one-eighth share thereof; to the children of my deceased daughter Mary McWard the one-fourth share thereof; to my daughter Charles Louise Suiter the one-fourth share thereof; to my son John J. Suiter the one-fourth share thereof."

Clara Suiter was named executrix. The estate consisted of about 1300 acres of farm land in Christian county and $12,000 worth of personal property. Testator's personal indebtedness was in excess of the value of his personal property, and in addition his land was encumbered by mortgages totaling $103,000. Prior to his death he was engaged in raising grain and feeding cattle and hogs for the market. After his death his widow, as trustee, continued the operation of the farm.

After the will was admitted to record and Clara Suiter had duly qualified as executrix and had assumed her duties as trustee, she filed in the office of the recorder of deeds the following instrument: "The undersigned Clara Suiter, widow of Charles Suiter, deceased, hereby expresses her intention to waive her dower interests in the real estate of her deceased husband, Charles Suiter, and to take her one-third interests in said real estate as by the terms of the statute made and provided, and in accordance with the terms of the will of the said Charles Suiter, deceased." Thereafter she filed her bill in the circuit court praying for the construction of the will of Suiter, for confirmation of her appointment as testamentary trustee and for partition of the estate. By her bill she claimed to be entitled, under the Statute of Descent, to one-third of each parcel of real estate of which her husband died seized and one-third of his personal estate. Answers were filed by all the interested parties. By their answer the McWard children denied that the widow was entitled to any of the personal

property and only to a dower interest in the real property, and also alleged that the executrix was an unfit person to manage the estate as trustee and asked that a new trustee be appointed to carry out the testamentary trust. These answers were permitted to stand as cross-bills. Testimony was taken, and the court entered a decree finding that the widow was entitled to a dower interest in the real estate and to one-third of the personal estate. The decree also confirms the appointment of the executrix as testamentary trustee and defines her duties. It denies the prayer of the cross-bill asking for partition and holds that no partition can be had until the five-year period of the testamentary trust expires. Clara Suiter prosecutes an appeal from this decree, assigning as error the portion of the decree denying to her one-third of the lands in fee. Vinton Suiter and his children, and the children of the deceased daughter, Mary McWard, assigned cross-errors, challenging that part of the decree which denies their prayer to partition the lands and to appoint a new trustee to manage the estate pending the partition.

Where a testator provides in his will that his widow shall take "all her legal rights" in his estate he uses words of doubtful meaning, and resort must be had to other provisions of his will to determine what share of his property he intended his widow to have. The words themselves have no fixed meaning. They are not words that bring a gift within some fixed rule of law which must be given force under all circumstances. (*Richardson* v. *Trubey*, 240 Ill. 476.) The testator's intention controls, and this intention must be gathered from a reading of the whole will. (*DesBoeuf* v. *DesBoeuf*, 274 Ill. 594; *Springfield Safe Deposit and Trust Co.* v. *Rogers*, 242 Mass. 550, 136 N. E. 612; *Foster* v. *Clifford*, 87 Ohio St. 294, 101 N. E. 269; *Johnson* v. *Johnson*, 32 Minn. 513, 21 N. W. 725; *State* v. *Griffith*, 5 Del. 109; *Adamson* v. *Ayres*, 5 N. J. Eq. 349.) Unless it clearly appears to the contrary it will be presumed

that the testator intended to dispose of all his property by
his will and to leave no part of it as intestate property, and
the courts will adopt any reasonable construction of the
will that will avoid a conclusion of intestacy as to a part
of the property. (*Walker* v. *Walker,* 283 Ill. 11; *Welch*
v. *Caldwell,* 226 id. 488; *Hayward* v. *Loper,* 147 id. 41.)
The fact that a widow renounces the provision made for
her in her husband's will does not destroy the will or ren-
der any part of the estate intestate. (*Davis* v. *Mather,* 309
Ill. 284; *Wakefield* v. *Wakefield,* 256 id. 296; *McMurphy*
v. *Boyles,* 49 id. 110.) Where the devise is to the "heirs"
of the testator, reference must be had to the Statute of
Descent to ascertain the persons who are to take and the
quantity each shall take, but the devisees take under the
will. (*Clark* v. *Todd,* 310 Ill. 361; *Kelley* v. *Vigas,* 112 id.
242; *Rawson* v. *Rawson,* 52 id. 62.) Where the testator
disposes of all of his property by his will the beneficiaries
take no estate in his lands under the Statute of Descent,
for that statute applies only to intestate estates. *Shoup* v.
*Shoup,* 319 Ill. 179; *Scheible* v. *Rinck,* 195 id. 636.

The estate under consideration is a testate estate. The
testator had two sets of children: his son Vinton and the
children of his daughter Mary, descendants of his first wife;
and a daughter and a son, children of the surviving widow.
It is clear from his will that he intended that his estate
should be divided into four equal parts, one part going to
his son Vinton and his three children, one part to the chil-
dren of his daughter Mary, and one part each to his daugh-
ter Louise and his son John, all subject to the dower rights
of his widow. If the will be construed to give the surviv-
ing widow one-third of his lands in fee and one-third of
his personal property there would remain but two-thirds of
his estate to be distributed among his children, and in the
event of the death of the widow intestate his two youngest
children would inherit the widow's third. There is nothing
in the will to justify so construing it. The testator disposed

of all his property by his will and in his will he made provision for his widow. Under section 10 of the Dower act she could have elected to renounce the provisions made for her, but she did not so elect. She elected to take under the will "all her legal rights" in his estate. Her only right and interest in his estate under the law as it stood at the time of his death was a right of dower. (*Kilgore* v. *Kilgore,* 319 Ill. 298.) Section 1 of the Dower act provides that the surviving wife shall be endowed of the third part of all the lands of which the husband dies seized. It does not give her any share in the personal property.

Appellant relies upon *Bennett* v. *Bennett,* 282 Ill. 266, as authority for her contention that she is entitled under this will to such part of the testator's estate as she would have received if he had died intestate. In that case the testator died in 1913 possessed of real and personal property and left him surviving a widow and eight children. By his will he provided that his executor should pay to his wife "the part or portion of my estate which may be legally due her by virtue of her rights under and in conformity to the laws of the State of Illinois." It is said in the opinion that if a husband dies testate and makes provisions for his wife that are not satisfactory, so that she renounces the provisions of the will in her favor, she will take what the law gives her in case of the intestacy of her husband. As applied to the estate under consideration that statement was accurate, but it is not accurate as a general statement of law. If the testator had died without leaving children surviving him and possessed only of personal property, his widow would have taken a different share of his estate if he had left a will which she renounced than she would have taken if he had died intestate. The question in the case was whether there was an equitable conversion, the claim being if there was the widow took one-third of the personal property, as she would in case of intestacy. It was held there was only a partial conversion for specific pur-

poses, and in conclusion it was said, "the rights of the widow as fixed by the will are her statutory rights of homestead and dower and her widow's award." The order of the county court, which directed the executor to pay to the widow $1000 for her homestead interest and $2980.25 for her dower interest, was affirmed. The statement in the opinion that where no specific provision is made for the wife which she is willing to accept renders the estate as to her intestate, does not mean that a testator cannot dispose by will of the fee of his estate subject to the dower rights of his widow. (*Shoup* v. *Shoup, supra.*) Of those rights the surviving spouse cannot be deprived by will, but the testator may dispose of all of his estate subject to the rights which are saved to the widow under the Dower act. There is language in the opinion which supports the contention of appellant, but the conclusion reached by the court does not conflict with the conclusion we have reached in this case. In that case and in the case at bar the widow is given her homestead and dower rights and nothing more.

The cross-errors assigned by appellees are not sustained by the record. The will specifically provides that the trustee shall keep all of the estate together for five years, and there is no evidence in the record to justify destroying this trust. It is true that some of the mortgages mature in 1927, but whether it will be necessary to modify the trust when they do mature in order to preserve the trust estate is not presented by the pleadings nor shown by the evidence. This record shows that the trustee is managing the property much the same as her husband did in his lifetime, and there is no evidence in the record to justify a conclusion that she is not a fit and proper person to continue the management of the estate.

The court erred in holding that the widow was entitled to one-third of the personal property, but this error is immaterial. The debts of the estate exceed the amount of personal property, so there will be no personal estate to dis-

tribute. We modify the decree to the extent that it gives to the widow one-third of the personal estate, and as modified it will be affirmed.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE DUNCAN, dissenting:

Clara Suiter, the widow, is devised and bequeathed by this will "all her legal rights, * * * whatsoever they may be." "All her legal rights" clearly means every right given her by law, and dower is by no means all her legal rights. Section 10 of the Dower act expressly provides that the provisions of a husband's will shall bar the dower of his widow unless otherwise expressed in the will. If there be a doubt that this will intends to give her dower, which is a legal right, there can be no doubt that it does give her every other legal right. She elects to take under the will, waiving her dower right. What she clearly meant to take under the will was all her legal rights except dower, and I do not think she should be barred of her legal rights because of her further expression that she elects to take in lieu of dower one-third interest in the real estate "as by the terms of the statute made and provided and in accordance with the terms of the will." The law gives her one-third interest in the personal estate and one-third of the real estate provided she waives dower, which she has done. (See 4th provision of section 1 of the Statute of Descent.) Her husband's will clearly meant to give her her legal rights that she would have taken if no will had been made. I think by the terms of the will she was devised a dower right as one of her legal rights and that there was no necessity for renouncing the provisions of the will to have dower. Therefore waiving dower did not waive any other legal right but gave her the rights aforesaid under the Statute of Descent. I therefore respectfully dissent from the decision of the court.