Thomas A. Simons, Plaintiff in Error, v. Sherman Corlett, Executor of the Last Will and Testament of Nellie Corlett Simons, Deceased, et al., Defendants in Error.

Gen. No. 7,834.

454

Opinion filed April 10, 1928.

GARRETT, MAYNARD & FELL, for plaintiff in error.

LATHROP, LATHROP & BROWN, for B. Harrison Çorlett and Clifford M. Corlett, Residuary Legatees, defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

Nellie Corlett Simons, late of Winnebago county, died testate on November 12, 1922. She left no child or children or decedent of child or children her surviving, but left certain brothers and sisters as her only heirs at law, and plaintiff in error, her husband. Her will was admitted to probate in said county, and letters testamentary were issued thereon to Sherman Corlett, her brother.

Paragraph 1 of said will provides for the payment of the debts, funeral expenses, etc., of said deceased. Paragraph 2 provides, among other things:

"If at the time of my death I shall be single, or shall be living separate and apart from my husband,

I then desire to be buried in the F. L. Corlett family lot at New Milford, Illinois.''

The third paragraph is as follows:

''In case I shall be the wife of Thomas A. Simons at the time of my death, it is my will that he shall receive no more of my estate than he shall be entitled to by law.''

The fourth and fifth paragraphs, respectively, bequeath to certain of her nieces and nephews Liberty bonds and war savings stamps, and to her sister, Jennie F. Adams, $500. The sixth paragraph bequeaths in equal shares ''all the rest, residue and remainder'' of said estate to B. Harrison Corlett and Clifford M. Corlett, brothers, and Clara B. Corlett, sister of said deceased.

The estate of said decedent consisted wholly of personal property. The executor's report showed a balance, after payment of specific legacies, etc., of $6,021. The probate court, on hearing, ordered one-third of said amount paid to plaintiff in error, and the remaining two-thirds to be distributed among said residuary legatees. On appeal to the circuit court, it was stipulated that all objections interposed by plaintiff in error were waived, except the one involving the portion of said estate to be paid to him. The objections of the residuary legatees were limited to their contention that plaintiff in error should not be allowed any portion of said estate. The circuit court overruled plaintiff in error's objection, and entered an order barring him from any interest in said estate. To reverse said judgment, plaintiff in error prosecutes this writ of error.

It is first contended by counsel for plaintiff in error that he is entitled to a legacy, under the third paragraph of said will, the amount of which is to be measured by the statute of Descent, Cahill's St. ch. 39.

Words of the character of those used in said third paragraph have no fixed meaning. *Richardson v.*

*Trubey,* 240 Ill. 476–482; *Suiter v. Suiter,* 323 Ill. 519–522. In the latter case the court at page 522 says:

"Where a testator provides in his will that his widow shall take 'all her legal rights' in his estate he uses words of doubtful meaning, and resort must be had to other provisions of his will to determine what share of his property he intended his widow to have. The words themselves have no fixed meaning. They are not words that bring a gift within some fixed rule of law which must be given force under all circumstances." Citing *Richardson v. Trubey, supra.*

In order to determine the intention of the testatrix, we must take into consideration the whole of the will, and any facts and circumstances surrounding the testatrix at the time of the execution of such will. *Des Boeuf v. Des Boeuf,* 274 Ill. 594–597; *Suiter v. Suiter, supra,* 522.

The text of the will in question clearly indicates that the testatrix did not intend plaintiff in error to take her entire estate. Several specific legacies were provided for, and the residuary clause gave to two of her brothers and a sister whatever of her estate might remain after the payment of said specific legacies.

In *Richardson v. Trubey, supra,* the court in discussing a question of this character at page 483 says:

"If appellant be correct, she intended that her husband should have homestead, and, subject thereto, should have one-half of her real estate in fee, dower in the other half and all her personal property. An examination of the will shows at once that such was not her intention. By the residuary clause she devised and bequeathed the residue of her property, both real and personal, to Jettie Richardson. If her husband was to take all her personal property there would have been no personalty upon which the residuary clause could have operated. Again, she specifically bequeathed to Jettie Richardson her silverware, pictures, jewelry and diamonds, to be delivered in

kind, and to Arthur B. Pease certain vases. Had she intended this property so specifically bequeathed to go to her husband, it seems clear that she would not have provided that it should go to other persons.''

It therefore conclusively follows that the testatrix did not intend that the statute of Descent, Cahill's St. ch. 39, should be the measure of the provision made for plaintiff in error.

It is next contended that if plaintiff in error is not entitled to the entire estate, then under section 12 of the Dower Act, Cahill's St. ch. 41, ¶ 12, he is entitled to one-half of the personal property, after the payment of the debts, funeral expenses, etc.

The Dower Act and its provisions do not apply to an estate consisting only of personal property. *Clark v. Hanson,* 320 Ill. 480. Section 12 of the Dower Act does not apply to an estate where real estate is not involved, but only personalty. *Scheible v. Rinck,* 195 Ill. 636–641; *Clark v. Hanson, supra.* In the latter case, the court at page 484 says:

''It seems to us clear that in enacting section 12 the legislature had in mind only estates where there was a dower right in land distinct from the survivor's right or interest in the personal estate. The statute could easily have been so worded as to be applicable to estates consisting wholly of personal property, but it is not so worded.''

And in *Scheible v. Rinck, supra,* the court at page 636 says:

''There must be a subsisting right of dower to entitle a surviving wife or husband to make the election provided for in said section 12.''

In *Suiter v. Suiter, supra,* the court at page 524, referring to the right of a widow in the estate of her deceased husband, says:

''Her only right and interest in his estate under the law as it stood at the time of his death was a right of dower. (*Kilgore v. Kilgore,* 319 Ill. 298.) Section 1

of the Dower act provides that the surviving wife shall be endowed of the third part of all the lands of which the husband dies seized. It does not give her any share in the personal property.''

Counsel for plaintiff in error frankly state, in the concluding paragraph of their brief and argument: ''We conclude further that the Dower Act does not apply, there being no real estate. * * * If the Dower Act does not apply then the only method of measuring the amount the husband is to receive is under the Statute of Descent.''

Neither the Dower Act nor any section thereof can be taken as the measure of the provision made by the testatrix for plaintiff in error.

While the only claim made by counsel in their original brief was that plaintiff in error was entitled to the whole of the personal estate after the payment of debts, etc., as measured by the statute of Descent, or to one-half thereof, measured by section 12 of the Dower Act, Cahill's St. ch. 41, ¶ 12, in their reply brief they contend that ''in any event he is entitled to one-third of said balance in the hands of said executor.'' In support thereof, counsel cite *Richardson v. Trubey, supra; Laurence v. Balch,* 195 Ill. 626; *Bennett v. Bennett,* 282 Ill. 266; *Zakroczymski v. Zakroczymski,* 303 Ill. 266.

In support of this latter contention, counsel for plaintiff in error do not cite the provisions of any statute. The most that counsel for plaintiff in error contend is that, by reason of certain language used by the courts in the cases cited, it has been declared the law that a surviving husband or wife shall have one-third of the personal estate of the decedent.

Whatever right the husband or wife has in the estate of the other is only such right as is given by statute. The Supreme Court in *Campbell v. McLain,* 318 Ill. 610, in discussing this question at page 612, says:

''This court has held repeatedly that rules of the

common law as to the distribution of property by descent no longer exist in this State, and that chapter 28 of our statutes, which declares that the common law of England and all statutes of a general nature made prior to the fourth year of James I shall be the rule of decision and be considered as of full force until repealed by legislative authority, is of no application as regards the law of descent, as the Descent act and the act in relation to wills in effect repealed the common law with reference to inheritance, and those acts are the only law prevailing in this State on that subject." Citing *Lewark v. Dodd,* 288 Ill. 80; *Quirk v. Pierson,* 287 Ill. 176; *Kochersperger v. Drake,* 167 Ill. 122.

While language was used in some or all of the cases cited, tending to the effect that a testator could not deprive his widow of one-third interest in his personal estate, an examination of these cases discloses that none of them presents a state of facts of the same character as the facts here involved. In *Richardson v. Trubey,* and in *Bennett v. Bennett, supra,* there was real estate as well as personal property. In *Laurence v. Balch, supra,* while there was no real estate, it was stipulated on the trial that the only question involved was as to whether the husband of the decedent was entitled to one-third of the personal estate, or to the whole of it. In *Zakroczymski v. Zakroczymski, supra,* the testatrix left a husband and children. The estate consisted of personal property only. The majority opinion, after reviewing a great many cases held that a husband or wife could not bar the other by will from one-third of the personal estate left by the decedent, after payment of debts, etc. This opinion is based, not so much on the provisions of the statutes, as on the former holdings of the court. Since the decision in the *Zakroczymski* case the Supreme Court has held in effect that, under the statutes as they existed at the time of the execution of the will here involved and at

the time of the death of said testatrix, a husband or wife leaving only personal estate could, by will, deprive the survivor of any right to participate therein. *Shoup v. Shoup,* 319 Ill. 179; *Suiter v. Suiter, supra.*

In *Suiter v. Suiter, supra,* Charles Suiter, the testator, left him surviving his widow, a son, three children of a deceased daughter, the descendants of a former wife, and a daughter and a son, children of the surviving widow, all of whom were devisees under his will. His widow was made the executrix of said will, and after directing the payment of his debts, the second paragraph provided:

"After the payment of such funeral expenses and debts I give, devise and bequeath to my wife Clara Suiter all her legal rights in my estate, whatsoever they may be."

The third paragraph devised all of his estate to the above-mentioned children, after payment of debts, etc., and subject to the provision to his widow.

The estate consisted of some 1,300 acres of farm lands and $12,000 in personal property. The widow filed the following instrument in the recorder's office: "The undersigned Clara Suiter, widow of Charles Suiter, deceased, hereby expresses her intention to waive her dower interests in the real estate of her deceased husband, Charles Suiter, and to take her one-third interest in said real estate as by the terms of the statute made and provided, and in accordance with the terms of the will of the said Charles Suiter, deceased." Thereafter, she filed a bill in the circuit court, asking that said will be construed as giving to her one-third of the real estate in fee and one-third of the personal estate. The court, after reviewing a long line of cases, at page 523 says:

"Where the testator disposes of all of his property by his will the beneficiaries take no estate in his lands under the Statute of Descent, for that statute applies

only to intestate estates. *Shoup v. Shoup,* 319 Ill. 179; *Scheible v. Rinck,* 195 id. 636.

"The estate under consideration is a testate estate. The testator had two sets of children: his son Vinton and the children of his daughter Mary, descendants of his first wife; and a daughter and a son, children of the surviving widow. It is clear from his will that he intended that his estate should be divided into four equal parts, one part going to his son Vinton and his three children, one part to the children of his daughter Mary, and one part each to his daughter Louise and his son John, all subject to the dower rights of his widow. If the will be construed to give the surviving widow one-third of his lands in fee and one-third of his personal property there would remain but two-thirds of his estate to be distributed among his children, and in the event of the death of the widow intestate his two youngest children would inherit the widow's third. There is nothing in the will to justify so construing it. The testator disposed of all his property by his will and in his will be made provision for his widow. Under section 10 of the Dower act she could have elected to renounce the provisions made for her, but she did not so elect. She elected to take under the will 'all her legal rights' in his estate. Her only right and interest in his estate under the law as it stood at the time of his death was a right of dower. *(Kilgore v. Kilgore,* 319 Ill. 298.) Section 1 of the Dower act provides that the surviving wife shall be endowed of the third part of all the lands of which the husband dies seized. It does not give her any share in the personal property."

And at page 525 the court says:

"The court erred in holding that the widow was entitled to one-third of the personal property, but this error is immaterial. The debts of the estate exceed the amount of personal property, so there will be no personal estate to distribute."

The question was specifically raised on the decision of the case, as to whether the widow, under the provision quoted, would take any share or interest in the personal estate and it was held that she would not.

The language used in the Suiter will was more favorable to the widow than is the provision for plaintiff in error in the will here in question. If, in the *Suiter* case, under the language used, no part of the personal estate would pass to the surviving wife, then under paragraph 3 of this will, no interest in the personal estate would pass to plaintiff in error.

In the light of the recent decisions of the Supreme Court above cited, plaintiff in error took no interest in the personal estate of his deceased wife, and the circuit court did not err in so holding.

For the reasons above set forth, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*